UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:19-cv-11861-DLC

SALAH E. KHELFAOUI,
Plaintiff,

v.

THE LOWELL SCHOOL COMMITTEE,
AND MAYOR WILLIAM SAMARAS,
Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE REQUESTING THAT THIS HONORABLE COURT INSTRUCT THE JURY TO MAKE AN ADVERSE INFERENCE DUE TO THE SPOLIATION OF EVIDENCE COMMITTED BY FORMER SCHOOL COMMITTEE MEMBER, GERARD NUTTER**

**INTRODUCTION**

The Plaintiff, Salah E. Khelfoui, initially named Gerard Nutter (*hereinafter*, "Nutter"), individually, in the Complaint he filed in Middlesex Superior Court. *See* Plaintiff's Complaint filed July 16, 2019, attached hereto as Exhibit 1. In his original Complaint, Plaintiff asserted a count in Defamation against Nutter on account of the false, misleading and malicious statements Nutter made about Plaintiff on his personal blogsite, www.thelowellcurmudgeon.com. *See* id. Nutter was served with a copy of the Complaint on August 19, 2019. *See* State Court Docket Sheet, attached hereto as Exhibit 2.

As early as November 14, 2018, the date on which the School Committee voted to terminate Plaintiff's employment as Superintendent of the Lowell Public Schools, the School Committee was aware that litigation on account of Plaintiff's termination was possible. *See* School Committee Meeting Minutes for November 14, 2018, attached hereto as Exhibit 3 (providing "Motion to enter into Executive Session regarding a review and potential release of executive

session minutes relative to the contemplated termination of Dr. Salah Khelfaoui, as well as general strategy, open discussion of which may detrimentally affect the School Committee's position with respect to potential litigation and negotiations with nonunion employees.").

Nutter admitted in his deposition on August 16, 2022, that he deleted www.thelowellcurmudgeon.com in 2020. *See* Deposition Transcript of Gerard Nutter, attached hereto as Exhibit 4, at pp. 45-46, ll. 14-24, 1-22 ("[i]t would have been two years ago that I was going to run, so it has been gone a couple of years."). While Plaintiff's counsel was able to print screenshots of Nutter's blog on December 3, 2018, and January 14, 2019, these only depict a snap-shot of Nutter's defamatory statements, and many other false, misleading and defamatory entries concerning Plaintiff were contained in Nutter's blog. *See* samples of Nutter's blog, attached hereto as Exhibit 5.

## ARGUMENT

"The doctrine of spoliation permits the imposition of sanctions and remedies where a litigant or its expert negligently or intentionally loses or destroys evidence that the litigant (or expert) knows or reasonably should know might be relevant to a possible action, even when the spoliation occurs before an action has been commenced." Scott v. Garfield, 454 Mass. 790, 798 (2009), citing Kippenhan v. Chaulk Servs., Inc., 428 Mass. 124, 127; also citing Wiedmann v. Bradford Group, Inc., 444 Mass. 698, 704–707, 831 N.E.2d 304 (2005); Keene v. Brigham & Women's Hosp., Inc., 439 Mass. 223, 227, 233–237, (2003) (doctrine of spoliation applicable where defendant hospital negligently lost or destroyed medical records essential to plaintiff's malpractice claim; defendant should have been aware of a likely claim at least as early as time that it filed notice of potential claim with insurer).

In order to evaluate a spoliation claim, a court must determine first whether an act of

destruction occurred. *See* Gordon v. DreamWorks AnimationSKG, Inc., 935 F.Supp.2d 306, 313 (2013) A finding of an act of destruction requires finding four elements: "1) an act of destruction; 2) discoverability of the evidence; 3) intent to destroy the evidence; and 4) occurrence of the act after commencement of litigation or, if before, at a time when the party was on notice that the evidence might be relevant to potential litigation." Id. A party prejudiced by the spoliation of evidence may bring the issue to the attention of the trial court by way of a motion in limine. *See* Scott, *supra*, 454 Mass. at 798. Courts in Massachusetts are vested with wide authority to craft remedies for the spoliation of evidence. *See* id., citing Gath v. M/A–Com, Inc., 440 Mass. 482, 488 (2003).

In this case, there can be no doubt that Nutter was aware of the *possibility* of litigation as early as November 14, 2018, when the School Committee entered Executive Session to discuss the strategy in the event of litigation concerning Plaintiff's termination of employment. *See* Exhibit 3. There can also be no doubt that Nutter was aware that litigation concerning Plaintiff's termination of employment had commenced (and had, in fact, named Nutter, individually) on or about August 19, 2019. *See* Exhibit 2. In addition, there can be no doubt that Nutter knew or should have known that his blogsite would be relevant in this litigation as it was cited explicitly a number of times in Plaintiff's original Complaint. *See* Exhibit 1. Finally, Nutter has admitted that he deleted his blogsite sometime in 2020 – well after litigation had been ongoing. *See* Exhibit 4.

Because Nutter's state of mind is central to Plaintiff's breach of contract and violation of due process claims, and because of the "pernicious effect on the truth-finding function of our courts" Nutter's deletion of his website has occasioned, Plaintiff respectfully requests that this Honorable Court instruct the Jury to draw an adverse inference as to the contents of Nutter's personal blogsite, www.thelowellcurmudgeon.com, and furthermore that the Jury is instructed to

draw an adverse inference as to Nutter's state of mind as to Plaintiff in general.

Dated: November 28, 2022

Respectfully submitted,

**SALAH E. KHELFAOUI,**
**Plaintiff,**

By his attorney,

*/s/ Timothy Fallon*

Timothy F. Fallon, BBO# 674939
Upper Charles Law Group, LLC
81 Hartwell Avenue, Suite 101
Lexington, MA 02421
Phone: (617) 600-7150
Fax: (781) 444-2461
Email: tfallon@uclawgroup.com

CERTIFICATE OF SERVICE

I, Timothy F. Fallon, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be delivered to those indicated as non-registered participants on this date.

*/s/ Timothy F. Fallon*
Timothy F. Fallon

Dated: November 28, 2022